```
             IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF TEXAS
                       HOUSTON DIVISION
```

IN THE MATTER OF HORIZON           §
VESSELS, INC., AS OWNER, and       §
HORIZON OFFSHORE CONTRACTORS,      §
INC., HORIZON OFFSHORE, INC.,      §
and TEXAS OFFSHORE CONTRACTORS     §
CORP., AS OWNERS, OPERATORS,       §       CIVIL NO. H-03-3280
OWNERS PRO HAC VICE, of the        §
L/B GULF HORIZON, PRAYING FOR      §
EXONERATION FROM OR LIMITATION     §
OF LIABILITY REGARDING THE         §
INCIDENT OF FEBRUARY 27, 2003      §

## ORDER

Presently pending before the court[1] is the Motion of the Power Authority of the State of New York and Factory Mutual Insurance Company (collectively "NYPA") for Reconsideration of their Motion for Partial Summary Judgment (Docket Entry No. 126). The court has reviewed the motion, the response thereto, and the applicable law. After doing so, the court **DENIES** the motion.

In its Memorandum and Recommendation issued May 12, 2005, the court determined that NYPA was not entitled to a grant of summary judgment on its cross-claim for indemnification against Iroquois Gas Transmission System, L.P. ("Iroquois"). The court found that summary judgment was improper because NYPA's argument was premised upon Horizon having caused the damage to the cable and Horizon was not given an opportunity to meaningfully rebut this charge.

NYPA now requests that the court reconsider this determination

---

[1] This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Fed. R. Civ. P. 72. See Docket Entry No. 16.

on the ground that there is "newly discovered evidence" material to the outcome of its summary judgment motion, namely, the deposition testimony of three Horizon representatives. NYPA asserts that this testimony "unequivocally confirms that the CP1 anchor from the GULF HORIZON dragged over 1,200 feet into the NYPA #4 Cable, causing significant damage on the date in question."

NYPA brings its motion for reconsideration under Federal Rule of Civil Procedure 60(b), which provides, in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons ... (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)....

Fed. R. Civ. P. 60(b). Iroquois correctly points out that there is no "final judgment, order, or proceeding" from which NYPA can seek relief. The undersigned's Memorandum and Recommendation was just that: a recommendation of factual findings and legal conclusions submitted to the district court. It was neither a "final judgment" nor an "order." As the Fifth Circuit has explained, "[o]rdinarily, 'the recommendation of a magistrate judge is not a final decision and does not in any way "dispose of" a party's claims.'" Donaldson v. Ducote, 373 F.3d 622, 624 (5th Cir. 2004)(citation omitted). "A party dissatisfied with a magistrate judge's decision may instead obtain relief by objecting to the magistrate judge's findings and recommendations, thereby compelling the district court to review his objections de novo." Id. Thus, this motion is procedurally

improper.

Even assuming, arguendo, that NYPA properly filed its motion, the motion fails to remedy or even address the due process concerns mentioned in the Memorandum and Recommendation.  Horizon still has not had a meaningful opportunity to defend itself vis-á-vis NYPA's charge that its vessel's anchor caused the cable damage.  Selected excerpts from the depositions of three Horizon employees and an e-mail from a Horizon representative do not alleviate the problem because Horizon still has not had the chance to affirmatively come forward with evidence in defense of its actions.  Thus, until the underlying issue of responsibility is fully and fairly resolved by other motions or by trial, disposition of NYPA's indemnification claim is premature.

Even if the court was satisfied that the due process concerns were resolved, a review of NYPA's "newly discovered" evidence does not clearly demonstrate an absence of genuine issue as to Horizon's culpability.  George Reuter and Michael Ballard, Horizon's 30(b)(6) designated corporate representatives, both made clear that they did not know whether the GULF HORIZON's CP1 anchor dragged against the NYPA #4 Cable, thus causing the break.  Larry Blalock, the vessel's superintendent, speculated that this may have been the case, but did not explain how he reached his conclusion.  Finally, the court cannot determine whether statements made by Donald Schultz in his post-incident e-mail are "admissions" against Horizon because it is unclear whether he had the authority to speak on Horizon's behalf.

Both Reuter and Ballard referred to Schultz only as Horizon's "representative" and Reuter also testified that he did not believe Schultz "was actually an employee." NYPA has not filed any other evidence illuminating who Schultz is or the capacity in which he was working for Horizon at the time.

In conclusion, because NYPA's motion for reconsideration is procedurally improper and substantively meritless, the motion is **DENIED**.

**SIGNED** at Houston, Texas, this 21st day of June, 2005.

Nancy K. Johnson
United States Magistrate Judge