```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                       HOUSTON DIVISION
```

| | |
|---|---|
| IN THE MATTER OF HORIZON § | |
| VESSELS, INC., AS OWNER, and § | |
| HORIZON OFFSHORE CONTRACTORS, § | |
| INC., HORIZON OFFSHORE, INC., § | |
| and TEXAS OFFSHORE CONTRACTORS § | |
| CORP., AS OWNERS, OPERATORS, § | CIVIL NO. H-03-3280 |
| OWNERS PRO HAC VICE, of the § | |
| L/B GULF HORIZON, PRAYING FOR § | |
| EXONERATION FROM OR LIMITATION § | |
| OF LIABILITY REGARDING THE § | |
| INCIDENT OF FEBRUARY 27, 2003 § | |

**ORDER**

Pending before the court is Claimant Thales Geosolutions, Inc.'s Motion to Stay These Proceedings Pending Thales' Appeal (Docket Entry No. 335) and the response filed thereto. Thales is presently pursuing an interlocutory appeal[1] of the court's second recommendation[2] and the order adopting the recommendation.[3] In that recommendation and order, the court found that Thales had agreed to indemnify Horizon and Iroquois for their tortious conduct and contractual indemnity obligations arising out of or connected with Thales' work on the cable project.

In order to obtain a stay pending appeal, a party must show (1) that it is likely to succeed on the merits; (2) that it would suffer irreparable injury if the stay were not granted; (3) that granting the stay would not substantially harm the other parties;

---

[1] This appeal was taken pursuant to 28 U.S.C. § 1292(a)(3). See Docket Entry No. 198, Notice of Appeal, dated January 17, 2006.

[2] Docket Entry No. 186.

[3] Docket Entry No. 196.

and (4) that granting the stay would serve the public interest. Arnold v. Garlock, Inc., 278 F.3d 426, 438 (5th Cir. 2001)(citing In re First S. Sav. Assoc., 820 F.2d 700, 704 (5th Cir. 1987)).

In the present motion, Thales fails to meet its required showing on all four prongs of the Arnold test.  Rather than persuading the court that it is likely to succeed on the merits of its appeal, Thales argues that the Fifth Circuit case law has interpreted the phrase "incident to or connected with" in two significantly different ways and, "regardless of which standard the Fifth Circuit eventually rules is proper," this court should have the benefit of an appellate ruling before making a final decision on the NYPA-Iroquois indemnity issues.[4]  This is insufficient to show a likelihood of success on the merits.

Thales also has failed to allege an irreparable injury if a stay were not granted.  While Thales generally complains about factual inconsistencies contained in the court's second, third[5] and fourth[6] recommendations that "need to be sorted out on appeal before trial," that allegation fails to raise a colorable claim of irreparable injury.

The court's decision on the scope of the Thales-Horizon indemnity agreement was based on a broad interpretation of the

---

[4]    Notably, neither NYPA nor Iroquois have sought a stay on those grounds.

[5]    Docket Entry No. 302.

[6]    Docket Entry No. 320.

"incident to or connected with" language contained in the Master Service Agreement between Thales and Horizon as well as other contractual provisions that directly placed the damage to the NYPA cable "in connection with" the scope of Thales' work.  Apportioning negligence between Thales and Horizon was not an issue in the second recommendation because Thales agreed to indemnify Horizon for damage incident to or connected with Thales's work "regardless of whether caused or contributed to by negligence or other fault (including sole, joint, concurrent or gross negligence) [of] any of the parties indemnified herein or their contractors . . ."  On the other hand, the Horizon-Iroquois and Iroquois-NYPA indemnity agreements permit indemnity only for the indemnitor's, or its contractors' or subcontractors', negligence, acts or omissions that caused damage to the cable.  The court must apportion negligence between those parties to determine the amounts owed under the indemnity agreements.

Therefore, the court's interpretation of the Thales-Horizon indemnity agreement was not based on facts that remain in dispute between Horizon, Iroquois, and NYPA.  The Fifth Circuit's ruling on the scope of the Horizon-Thales indemnity agreement will not affect the court's ability to proceed to trial.

Additionally, the court finds that this matter has been pending since August 2003 and both the parties and the public are entitled to a prompt resolution of this dispute.  Thales has not

shown otherwise.

In light of the foregoing, Thales' motion for a stay pending disposition of its interlocutory appeal is **DENIED.**

**SIGNED** this 28th day of February, 2007, in Houston, Texas.

Nancy K. Johnson
United States Magistrate Judge